IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| SARAH GARDNER, )<br>  )<br>   Plaintiff, )<br>  )<br>      v. )     1:06cv980 (JCC)<br>  )<br>JOHN E. POTTER, )<br>   Postmaster General, USPS )<br>  )<br>   Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's motion to dismiss and motion for summary judgment. For the reasons that follow, the Court will grant both of Defendant's motions.

### **I. Background**

Plaintiff Sarah Gardner, a white female, is a former United States Postal Service ("USPS") letter carrier at the Franconia, Virginia Post Office. Ms. Gardner worked for the USPS from November 17, 1990 until January 31, 2004. Throughout her employment, Plaintiff had frequent performance and attendance problems. On several occasions, Ms. Gardner failed to deliver mail as assigned, thereby forcing other employees to deliver it on her behalf. *Report of Investigation* ("ROI") 123. She had belligerent exchanges with her supervisor. ROI 227. She was warned for multiple incidents of being absent from work. ROI

1

224. She failed to deliver the mail on her route in the specified order. ROI 356-358. When confronted, Plaintiff refused to discuss her poor performance, lack of attendance, and inability to work with others. *Id.* Plaintiff was reprimanded in a "letter of warning" for these instances of incompetence and insubordination, all of which are documented with striking detail in numerous letters and the Report of Investigation. Plaintiff generally denies these allegations, but provides no evidence to the contrary.

Complaints about Plaintiff did not end with her co-workers. The Post Office also received several complaints from her customers regarding her performance. ROI 380. For example, Plaintiff arrived at a home along her route where the mailbox was blocked by a vehicle. Inconveniently, Plaintiff would have to exit her vehicle to place the family's mail in the mailbox. *Id.* On two different occasions, Plaintiff was "extremely rude" to the family, informing them that the mail will not be delivered if the vehicle continues to block her access from the mailbox. *Id.* The family did not complain after the first instance, but after the second, the customers registered their complaint with her supervisor, who informed the customers that Plaintiff would be disciplined. *Id.*

On a third occasion, Plaintiff accosted the same family, beating on the door, repeatedly ringing the doorbell,

ordering the family not to park in front of the mailbox, and threatening to place all their mail on hold.  *Id.*  The customers explained that they followed Plaintiff's request to keep their vehicle away, but Plaintiff still engaged in this behavior.  *Id.*  The postal customers contacted the Postmaster, the Supervisor of Customer Service, and the local post office and requested that Plaintiff never visit their home to deliver mail again.  *Id*.  These accounts are not disputed by any evidence offered by Plaintiff.

      The customer complaints were not limited to this one family, however.  Heritage Knoll Condominiums, a multiple unit complex to which Plaintiff was assigned, alerted the USPS about numerous problems of late delivery, non-delivery, and damaged mail.  ROI 381-82.  The residents' mail was often found torn, bent, or otherwise mutilated beyond the point of utility.  *Id.*  Important financial documents were not delivered because the address failed to specify an apartment number, despite the fact that there were only six mailboxes and the letters were otherwise correctly addressed to a resident who had lived there for two decades.  *Id*.

      Plaintiff's problems with her co-workers and her customers led to her termination on December 30, 2002.  ROI 472-473.  Plaintiff received an official termination letter citing the aforementioned customer altercations as well as numerous

instances of her inability to follow USPS policy.  *Id.*  After arbitration, it was decided that a seven-month suspension would serve as adequate punishment, and Plaintiff's termination was altered.  ROI 369.  After the suspension, Plaintiff was reinstated.  *Id.*

Plaintiff brought this action in this Court pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADA"), and the Family and Medical Leave Act ("FMLA"), alleging that Defendant, Postmaster General John Potter, intentionally discriminated against her on the basis of race, gender, and age and denied her leave to which she was entitled under the FMLA.  First, Defendant moves to dismiss Plaintiff's unexhausted claims as well as her FMLA claims.  Second, Defendant moves for summary judgment as to the remaining claims of discrimination.

## II.  Standard of Review

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  A motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations omitted).  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant."  *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).

The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment.  *Anderson*, 477 U.S. at 248-52.  Rather, the Court must determine whether the record as a whole could lead a reasonable trier of fact to find for the non-movant.  *Id.* at 248.

### III. Analysis[1]

The matters before the Court are Defendant's motions to dismiss and for summary judgment. For the reasons that follow, the Court will grant both motions.

#### A.  **Plaintiff's failure to exhaust administrative remedies**

Plaintiff makes several allegations in her complaint that were never raised before the EEOC or on appeal. "It is well-settled that a claimaint must exhaust his administrative remedies before pursuing a civil action in federal court; moreover, failure to do so will result in the dismissal of his complaint." *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 734 (E.D. Va. 2006); *See also Sloop v. Memorial Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999)("It is axiomatic that a claimant under Title VII must exhaust his administrative remedies by raising his claim before the EEOC."). Plaintiff never exhausted her administrative remedies as to her claims in paragraphs 17, 18, 25, and 28, which generally complain of curt remarks and instances of "intimidation" resulting in what Plaintiff characterizes as a hostile work environment by her supervisor.

---

[1] The Court had significant difficulty in deciphering Plaintiff's claims in her amended complaint. It fails to articulate precisely what actions by the USPS constituted discrimination. Plaintiff's opposition was of little help in remedying this confusion since it was considerably lacking in citation to the record and wholly based upon unsupported allegations and conclusory statements. Nevertheless, in evaluating the instant motions, this Court patiently assembled Plaintiff's arguments, reviewed the record, and accepted the complaint's allegations as true with respect to Defendant's motion to dismiss, and drew all favorable inferences in the Plaintiff's favor with respect to Defendant's motion for summary judgment.

Without having exhausted her remedies as to these claims, they are not appropriate for federal district court.  Accordingly, the claims must be dismissed.

### B.  Plaintiff's Family and Medical Leave Act Claims

Next, Defendant argues that Plaintiff's alleged FMLA violations are barred by the statute of limitations and should be dismissed.  Claims for FMLA violations must be brought within two years of the date of the last event constituting the alleged violation.  29 U.S.C. § 2617(c).  For willful violations, however, the period is extended to three years.  *Id.*  Here, the incidents that Ms. Gardner alleges in her Amended Complaint occurred in late 2002 through the January 2003.  Her original complaint was not filed until August 2006, over three years later.  Accordingly, Plaintiff's FMLA allegations are barred by the statute of limitations and will be dismissed.

### C.  Plaintiff's Claims of Discrimination

Finally, as to Plaintiff's claims of discrimination, the Court will grant summary judgment.  The process for litigating discrimination claims is well established.  Since there is rarely direct evidence of discrimination, the Supreme Court has provided the burden-shifting *McDonnell Douglas* framework when the claim is based upon circumstantial evidence.  *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-805 (1973).  Under that framework, to avert summary judgment, the plaintiff must first establish a

7

*prima facie* case of discrimination.  411 U.S. at 802.  Once the plaintiff has satisfied the requirements of a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. *Williams v. Staples, Inc.* 372 F.3d 662, 667 (4th Cir. 2004).  If the defendant shows a legitimate, non-discriminatory reason for its actions, the burden then shifts back to the plaintiff to come forward with sufficient evidence that a jury could reasonably find that the defendant's asserted reasons are a pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804.  It is under this framework that this Court evaluates Plaintiff's claims of discrimination.

### 1. Title VII Claims of Race and Gender Discrimination,

Plaintiff alleges race and gender discrimination pursuant to Title VII as to Defendant's disciplinary practices. To prove a *prima facie* case of disparate disciplinary practices, Plaintiff must demonstrate (1) she is a member of a protected class; (2) the prohibited conduct in which plaintiff engaged was as serious as the misconduct of employees outside the protected class; and (3) the employer imposed harsher disciplinary measures against plaintiff than against employees outside that class. *Cook v. CSX Transp. Corp.,* 988 F.2d 5070, 511 (4th Cir. 1993).

Plaintiff, a white female, has submitted no credible evidence of other employees, inside or outside of her class, that

engaged in her type of misconduct and received a lesser punishment, and thus, she fails to establish a *prima facie* case. Specifically, Plaintiff provides no evidence, direct or circumstantial, of any other employee that received such severe customer complaints of non-delivery, mis-delivery, damaged mail, and harassment in addition to her inability to keep a regular work schedule.[2]  In fact, Plaintiff fails to provide any evidence pointing to the different treatment of any other employee at all, similarly situated or not.  To the contrary, Defendant has provided evidence of employees, many of which were male and African-American, that committed less egregious acts of misconduct (unsatisfactory attendance) yet received letters of warning similar or identical to Plaintiff's.  (Def.'s Mot. 28). In sum, Plaintiff fails to provide any evidence of a similarly situated employee that engaged in such gross acts of misconduct but was treated more leniently.  In fact, Plaintiff fails to provide any evidence whatsoever that would lead this Court to believe that her race or gender had anything to do with an adverse employment action taken against her.  Without such evidence, this Court cannot hold that Plaintiff has established a *prima facie* case.  Accordingly, Plaintiff fails to satisfy the

---

[2] At oral argument, Plaintiff's counsel asserted that there were other employees outside of Plaintiff's class that committed similar misconduct but received more lenient punishments.  However, Plaintiff failed to provide the Court with any evidence in support of this assertion.  Such mere conclusory allegations are insufficient to avert summary judgment. *Anderson*, 477 U.S. at 248-52.

first prong of the *McDonnell Douglas* test, and summary judgment is appropriate.

Assuming *arguendo* that Plaintiff had established a *prima facie* case, Defendant has articulated a legitimate, non-discriminatory reason for the disciplinary actions taken against her, namely, her threatening behavior, incompetence, and insubordination.  The multiple instances of everyday citizens reaching out to the USPS to complain about her failure to meet her duties is more than sufficient to provide her with disciplinary letters or any subsequent termination.  Moreover, Plaintiff had numerous instances manifesting her lack of attendance and inability to work with others.  These claims of harassment, incompetence, insubordination, and lack of attendance are denied, but Plaintiff provides nothing more.  This Court requires evidence that Defendant's reasons were pretextual in order to find that Plaintiff has averted summary judgment. Without such evidence, Plaintiff would have failed the third prong of the *McDonnell Douglas* test, even if she had satisfied the first.  Accordingly, summary judgment must be granted as to Plaintiff's Title VII claims.

### **2. Plaintiff's Claims of Age Discrimination**

The Age Discrimination in Employment Act[3] makes it illegal for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  To succeed on an ADEA claim, the plaintiff must demonstrate, by a preponderance of the evidence, that "the plaintiff's age . . . actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome."  *Reeves v. Sanderson*, 530 U.S. 133, 141 (2000).

Proceeding under the *McDonnell Douglas* "pretext" framework, in order to establish a *prima facie* case, Plaintiff must demonstrate: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her duties at a level that met her employer's legitimate expectations; and (4) the position either remained open or was replaced by a substantially younger individual.  *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310-11 (1996).

Plaintiff fails to establish that she was performing her duties at a level that met her employer's legitimate

---

[3] Plaintiff claims she was discriminated against on the basis of her age under the "ADA," more commonly known as the Americans with Disabilities Act.  Since age is universally considered not to be a "disability" within the meaning of the ADA, the Court will assume for purposes of this motion that Plaintiff's claim was intended for the Age Discrimination in Employment Act.

11

expectations. In fact, Plaintiff fails to provide any evidence that would lead this Court to believe she was a satisfactory employee. Instead, this Court is faced with an avalanche of well-documented incidents of incompetence, insubordination, and general inability to get along with co-workers and customers, leading this Court to conclude that she did not perform her duties at a level that met her employer's expectations, and thus thus, she fails to establish a *prima facie* case. Accordingly, Plaintiff's age discrimination claim fails to satisfy the first prong of the *McDonnell Douglas* test, and summary judgment is appropriate.

Even if Plaintiff had established a *prima facie* case of age discrimination, Defendant has articulated her incompetence, lack of attendance, and insubordination as a legitimate, non-discriminatory reason for its actions.[4] Similar to her claims of race and gender discrimination, Plaintiff fails to provide any credible evidence to believe this reason is pretextual. Plaintiff could support her age discrimination claim substantially if she could point to other, younger postal workers that committed similar misconduct but received less severe adverse employment actions. Instead, she provides nothing except

---

[4]The Court intentionally uses broad language in this sentence, as it is unclear from Plaintiff's complaint and pleadings precisely which actions, as Plaintiff alleges, constitute adverse employment actions. This is of little consequence, however, since termination, the most severe of adverse employment actions, would be completely justified under these circumstances.

the conclusory allegation that no employee received the same disciplinary action over the age of forty.  On the other hand, Defendant points to multiple employees, both younger and older (ages 39, 53, 44, 36, and 55) that received the same letter of warning, despite committing less egregious misconduct on the job. (Def.'s Mot. 28).

In conclusion, Plaintiff has neither established a *prima facie* case of age discrimination nor has she provided sufficient evidence to demonstrate an issue of fact as to whether Defendant's legitimate, non-discriminatory reasons were pretextual.  Accordingly, summary judgment will be granted as to Plaintiff's age discrimination claim.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted, and Plaintiff's FMLA claims and claims for which she has not exhausted her administrative remedies will be dismissed.  Additionally, Defendant's motion for summary judgment will be granted as to Plaintiff's claims of age, race, and gender discrimination under the ADEA and Title VII.

An appropriate Order will issue.


April 6th, 2007                       _____/s/_____
Alexandria, Virginia                       James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE